A90A0914. IN THE INTEREST OF H. G. et al., children.
(394 SE2d 557)

DEEN, Presiding Judge.

Appellant is the 24-year-old mother of four children by three different men. The oldest two, a girl referred to herein as H. G. and a boy referred to as D. G., are the legitimate children of a Houston, Texas, resident, to whom the mother is still legally married, despite the fact that she has had two children by other fathers; the next child, a girl known herein as J. G., is the daughter of a Georgian now serving a felony sentence; and the youngest, also known herein as J. G., is the son of a Gainesville, Georgia, resident.

In the proceedings below the parental rights of the prisoner and the Gainesville resident were terminated on the basis of clear and convincing evidence, in accordance with relevant statutory provisions. The mother's parental rights were also terminated, on the basis of clear and convincing evidence of deprivation by "her misconduct or inability to provide proper parental care and control, . . . failure to comply with the basic communication and nurture needed, . . . depriving [the children] of herself and . . . of their relationship with one another and has basically abandoned the children . . .[, and] has allowed the deprivation to continue in spite of all of the efforts of [DFCS] to provide services, especially visitation, [and] said deprivation is likely to continue. . . ." The juvenile court's order recites a number of specific instances in which the mother had failed to provide housing for the children, had failed to obtain or hold a job, had left the children with other people (her mother, friends) for indefinite periods of time, had failed to keep appointments set up by DFCS for

visitation with the children, and had failed to comply with a plan for the family's reunion worked out by DFCS caseworkers. The order noted that there was no evidence of intentional physical abuse.

Appellant mother now asserts that the termination of her parental rights was erroneous in that it was based on prior rather than present circumstances. In support of her argument she alleges that she now has a job, has an apartment that would accommodate the four children, and has missed only one visitation appointment between September 1989 and December 1989, or shortly before the entry of the termination order on January 8, 1990, nunc pro tunc for December 4, 1989.

The children's foster mothers testified to their love for the children and the children's love for them and for one another. The guardian ad litem stated that it would not be in the children's best interest to remove them from foster care at this time but expressed the hope that the mother's recent apparent improvement would continue, and that reunion would ultimately be possible. Appellant asserts that she has "grown up" and that the judgment terminating her parental rights should be reversed. *Held*:

Appellant alleges that there was insufficient evidence to support the trial court's finding that her present circumstances and conduct indicate that the deprivation to which her children had been subjected while in her care in the past was likely to continue, so that the children's best interest would be served if her parental rights were terminated, and they were placed in a stable environment.

We have reviewed the record carefully and find more than a sufficient quantum of evidence to support the judgment below. As the trial court noted in its order, the right of parents to their children is one that is "fiercely guarded" and is not to be taken away lightly. The record of this case, however, contains many pages of painful, pitiful, and poignant instances (in addition to those recited in the court's order), including criminal fornication, in which the appellant mother, herself a neglected and abused child, demonstrates that she either cannot or will not meet the children's most basic physical and emotional needs. Regardless of the sympathy that this unfortunate person's plight may provoke, however, we must uphold the ruling of the trial court that the best interest of the children dictates the result which the mother appeals. *In the Interest of AOS*, 189 Ga. App. 860 (377 SE2d 870) (1989).

We find appellant's arguments without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED MAY 1, 1990 —
REHEARING DENIED MAY 15, 1990.

*Watson & Watson, Anne H. Watson,* for appellant.
*Michael J. Bowers, Attorney General, Carol A. Cosgrove, William C. Joy, Senior Assistant Attorneys General, Charles W. Smith, Jr.,* for appellee.